# Wilson et al. *versus* Guthrie.

1. Where a right of forfeiture, is reserved by a vendor of land, on the failure of the vendee, for six months, to enter and improve, and the vendee, after several years, takes possession and makes improvements, the right of forfeiture cannot be subsequently asserted.

2. Where one claims title to land, in the possession of two or more, he may bring a joint action against all.   If the possession is several, they may sever in defence, and disclaim as to the residue.

·ERROR to the Court of Common Pleas of *Clarion county*.

This was an action of ejectment, brought by the defendant in error, against Samuel Wilson and Samuel Beighley, for 230 acres of land.   Both parties claimed under the trustees of William Bingham.   The plaintiff, to maintain the action on his part, showed title in the trustees; that Alexander Guthrie was their agent in 1836, and then gave in evidence, articles of agreement, dated Nov. 3, 1836, by which the agent agreed to sell to the plaintiff, lots Nos. 73 and 75, in consideration of improvement and residence, and the payment of one dollar per acre.   It was provided, that "in case the said James W. Guthrie shall abandon the said lots, or leave *it* untenanted for the term of six months, at any time previous to the payment of the first instalment, then the trustees aforesaid, shall have full power to sell or dispose of said lots, to any other person." Plaintiff next offered articles of agreement between himself and Henry Beighley, for the sale of 100 acres, for $200, dated July 2, 1846, and showed that Beighley had been in possession during his life-time, and that valuable improvements had been made on his part of the property.   After the death of Henry Beighley, in 1848, his son Samuel took possession, and afterwards purchased from the trustees.

The defendants claimed under the trustees of William Bingham, under articles of agreement between them and Samuel Beighley, dated December 14, 1849.   Samuel Beighley sold to Samuel Wilson, by agreement, part of the land in dispute. Several questions were raised, in relation to the admissibility of evidence.   The date of the execution of the agreement, under which Guthrie claimed, was contended by the defendants to be altered, from 1839 to 1836.   In 1839, J. W. Guthrie, the plaintiff, was agent for the estate.   Several errors were assigned to the charge of the court, after verdict for plaintiff.   The principal one, was to their answer to defendant's third point, which is given below.

"3. That if the contract was made in 1836, and no possession

[Wilson et al. *v.* Guthrie.]

taken until the fall of 1839, and no purchase-money paid, the trustees, by authority contained in said contract, had a right to forfeit the same, and contract for the sale of the property to others."

To this the court answered as follows : "3d. If the contract was made by the trustees in 1836, or ratified by them afterwards, they would not have a right to forfeit it, if possession were taken in 1839, and improvements made, and possession kept up after that time."

*Lathy* and *Purviance*, for plaintiffs in error.

*Campbell*, for defendant in error.

The opinion of the court was delivered December, 11, 1854, by

Knox, J.—Had the trustees of the estate of William Bingham, declared the contract with Guthrie at an end, by selling the land to another, after the expiration of six months from the date of the contract, and before the improvement commenced, their right to do so would have been unquestionable. Their delay for so long a time, after cultivation and residence, was equivalent to an abandonment of the right of forfeiture.

The possession of Beighley, under Guthrie, was notice to Wilson of Guthrie's title, besides which, it appears that he had actual notice before his purchase, that Guthrie claimed the land. This was sufficient to put him upon inquiry, as to the nature and extent of Guthrie's claim.

There is nothing in the third assignment of error. Where one claims title to land, in the possession of two or more, he may bring a joint action against all. If their possession is several, they may sever in defence, and disclaim as to the residue.

The fourth error assigned is not sustained. Guthrie did not lose his equitable interest in the delay of making payment. He was in possession, and payment might have been enforced against him, by action of ejectment or covenant. When he did offer to pay, and tendered the money, in A. D. 1850, he was told by the agent that he could have deeds for the land, but not then, as it was inconvenient to prepare them.

There was no error committed by the court, in their answers to defendants.

Judgment affirmed.